IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BARRY LACKRO, et al.          :    CIVIL ACTION
                              :    NO. 10-940
        Plaintiffs,           :
                              :
    v.                        :
                              :
GARY KAO, et al.              :
                              :
        Defendants.           :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          OCTOBER 8, 2010

I.    **INTRODUCTION**

Plaintiffs Barry Lackro and Beverly Lackro (collectively, "Plaintiffs") brought this medical malpractice action as husband and wife seeking redress for injuries sustained during a brachytherapy procedure administered by Dr. Gary Kao ("Dr. Kao") at the Philadelphia VA Medical Center ("PVAMC"). Dr. Kao, enclosing a certification of employment from the United States Attorney ("U.S. Attorney"), asserts that he was an employee of the United States during the time in question and that his actions were within the scope of his employment with the United States. Consequently, Dr. Kao seeks to be dismissed from Plaintiffs' suit under the Federal Tort Claims Act ("FTCA") as amended by the Westfall Act. The FTCA affords certain federal employees absolute immunity from state law tort claims for which the United States is subject to liability under the FTCA.

Plaintiffs agree that the FTCA provides a basis for dismissing Dr. Kao from the suit.  However, Plaintiffs seek limited discovery of ninety days to ensure Dr. Kao was, in fact, an employee of the United States acting within the scope of his employment.

Ultimately, whether Plaintiffs are entitled to the limited discovery they seek turns on when the right to discovery attaches following a U.S. Attorney's certification of employment.  Plaintiffs posit the right is absolute.  Dr. Kao, on the other hand, asserts that Plaintiffs must proffer specific facts which rebut the U.S. Attorney's certification before proceeding against him and undertaking even limited discovery.  Somewhat confusingly, both views find support from controlling precedent in this Circuit.  The Court concludes, however, that Dr. Kao's position is governing and that Plaintiffs have not met their burden of demonstrating the requisite specific facts which would entitle them to discovery.  Thus, as set forth more fully below, Dr. Kao's motion to dismiss will be granted.

**II. BACKGROUND**

A. <u>Jurisdiction</u>

This Court has original jurisdiction over Plaintiffs' suit because the United States is a defendant and the suit is for medical malpractice.  See 28 U.S.C. § 1346(b)(1) ("[T]he district

courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."). Plaintiffs aver they have filed an administrative claim with the Department of Veterans Affairs and that six months have elapsed without disposition of the claim. (See Am. Compl. ¶ 1.) The United States admits this allegation. (See Answer ¶ 1.) Therefore, Plaintiffs have exhausted their administrative remedies and are entitled to bring their suit in this forum. See 28 U.S.C. § 2675(a) (action under Section 1346(b)(1) is inappropriate "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . . The failure of an agency to make final disposition of a claim within six months . . . [is] deemed a final denial . . . .").[1]

B. Facts

Lackro is a "highly decorated United States veteran, having served two tours of duty as a first lieutenant with Army

---

[1] The Court has supplemental jurisdiction over Plaintiffs' associated state-law claims under 28 U.S.C. § 1367 and the exception to exercising jurisdiction under that statute does not apply. See 28 U.S.C. § 1367(b) (limiting the district court's ability to exercise supplemental jurisdiction in diversity jurisdiction cases).

Special Forces in Vietnam during the Vietnam War." (Am. Compl. ¶ 13.) While in Vietnam, Lackro was exposed to Agent Orange. (Id. ¶ 14.) In 2004, Lackro was diagnosed with prostate cancer which Plaintiffs seem to attribute to Lackro's exposure to Agent Orange. (See id. ("In 2004, Mr. Lackro was diagnosed with prostate cancer, a well known result of exposure to Agent Orange.").) Lackro received treatment for his cancer at medical centers owned and operated by the Department of Veterans Affairs and ultimately underwent a prostate brachytherapy procedure at PVAMC on January 10, 2005. (Id. ¶¶ 16, 17.)

Brachytherapy is a procedure "performed by a radiation oncologist, where a number of metal 'seeds' containing radioactive material are surgically implanted into the patient's prostate so as to destroy the cancer cells within the prostate." (Id. ¶ 18.) Plaintiffs allege this treatment was administered and/or approved by Dr. Kao who was "acting as the agent, apparent agent, servant and/or employee of one or more of the entities named as defendants." (Id. ¶ 19.)

Plaintiffs assert that, during the brachytherapy procedure, many of the radioactive seeds were misplaced into healthy tissues. (Id. ¶ 22.) Consequently, Lackro (1) received an inadequate dose of radiation to his prostate; and (2) received an excessive dose of radiation to healthy tissues. (Id. ¶¶ 23, 24.) Plaintiffs allege Lackro's prostate cancer recurred as a

direct and proximate result of this error.  (Id. ¶ 25.)
Plaintiffs also allege that Lackro suffers from medical ailments
that are direct and proximate results of the misplacement of the
seeds.  (Id. ¶ 26.)

**III. LEGAL STANDARD**

In considering a motion to dismiss for failure to state
a claim upon which relief can be granted under Federal Rule of
Civil Procedure 12(b)(6), the court must "accept as true all
allegations in the complaint and all reasonable inferences that
can be drawn therefrom, and view them in the light most favorable
to the non-moving party."  DeBenedictis v. Merrill Lynch & Co.,
Inc., 492 F.3d 209, 215 (3d Cir. 2007) (internal citations
omitted).  In order to withstand a motion to dismiss, a
complaint's "[f]actual allegations must be enough to raise a
right to relief above the speculative level."  Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 & n.3 (2007).  This "requires more
than labels and conclusions, and a formulaic recitation of the
elements of a cause of action will not do."  Id. at 555 (internal
citation omitted).  Although a plaintiff is entitled to all
reasonable inferences from the facts alleged, a plaintiff's legal
conclusions are not entitled to deference and the court is "not
bound to accept as true a legal conclusion couched as a factual
allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited

with approval in Twombly, 550 U.S. at 555).

The pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief. See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). A claim possesses such plausibility "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009)). In deciding a Rule 12(b)(6) motion, the court is to limit its inquiry to the facts alleged in the complaint and its attachments, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

With this standard of review in mind, the Court turns to consider the merits of Dr. Kao's motion.

**IV. DISCUSSION**

Dr. Kao asserts that he should be dismissed as a party under the FTCA as amended by the Westfall Act, which shields from liability United States employees who act within the scope of their office or employment. Dr. Kao has enclosed a certification

of the scope of his employment alongside his motion to dismiss. The certification, which is signed by the U.S Attorney for the Eastern District of Pennsylvania, states:

> I hereby certify that I have read the Plaintiffs' First Amended Complaint. Based on the information now available to me with respect to allegations contained therein, I find that defendant, Gary Kao, M.D., was an employee of the United States Department of Veterans Affairs and was acting within the scope of his office or employment at the time of the conduct alleged in the Plaintiffs' First Amended Complaint.

(Def's Mot. to Dismiss, Ex. A.)[2] Dr. Kao also encloses a declaration from Gerald Morelli, the Director of Human Resources for PVAMC, that further states Dr. Kao was employed by the United States during the events in question and was acting within the scope of his employment with the United States.

Plaintiffs, in turn, seek review of the certification via limited discovery of ninety days. In support of this request, Plaintiffs submit two exhibits which allegedly raise a factual question as to the U.S. Attorney's certification. The first exhibit is an excerpt of a hearing before the House Committee on Veterans' Affairs from 2009 in which Dr. Kao is identified as an associate professor of radiation oncology within the department of radiology at the University of Pennsylvania. The second exhibit contains excerpts of a report from the

---

[2] A new certification has not been submitted since Plaintiffs filed their second amended complaint, but the second amended complaint is not materially different than the first as to the issues relating to Dr. Kao's employment.

Department of Veterans Affairs Office of Inspector General which explains that PVAMC performed brachytherapy under a contract with the University of Pennsylvania during the period in which Lackro received brachytherapy at PVAMC.

A.  Legal Standard

The FTCA permits plaintiffs to recover against the United States in medical malpractice actions, but it prohibits suits against the employee of the United States whose acts or omissions may have led to the suit.  See 28 U.S.C. § 2679(b)(1); see also McNiff v. Asset Mgmt. Specialists, Inc., 337 F. Supp. 2d 685, 691 (E.D. Pa. 2004) ("The only proper defendant in an action brought pursuant to the Federal Tort Claims Act is the United States of America.").  Therefore, where an action is brought against an employee of the United States that arose from the employee's actions or omissions within the scope of his office or employment, the United States is substituted as the defendant against whom the plaintiff may proceed.  See generally 28 U.S.C. § 2679(d).  One means by which this substitution of parties may occur is the certification of the U.S. Attorney that the individual defendant was an employee of the United States acting within the scope of his or her employment:

> Upon certification by the Attorney General that the defendant was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of

> this title and all reference thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1); see 28 C.F.R. § 15.4(a) ("The United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment . . . ."). The U.S. Attorney's certification, however, is not conclusive as to whether substitution is appropriate under the statute. See Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 434 (1995) ("[T]he Attorney General's certification . . . does not conclusively establish as correct the substitution of the United States as defendant in place of the employee."). Rather, the court may undertake judicial review of the certification to determine whether the proposed substitution is proper.

But while the U.S. Attorney's certification does not conclusively resolve the question of substitution, it does constitute "prima facie evidence that the employee's challenged conduct occurred within the scope of employment." Schrob v. Catterson, 967 F.2d 929, 936 (3d Cir. 1992). For this reason, "a plaintiff challenging the certification has the burden of coming forward with specific facts rebutting it." Id. Thus, as the Third Circuit explained in synthesizing the methodology for evaluating a motion to substitute, the need for discovery following a certification of employment turns on whether the

plaintiff challenging the U.S. Attorney's certification can proffer specific facts to rebut the certification:

> [A] plaintiff challenging the certification has the burden of coming forward with specific facts rebutting it. If the facts can be determined without an evidentiary hearing, the court can rule on a pretrial motion to substitute or to set aside the substitution based on the certification, pleadings, documentary evidence, and affidavits. . . .
>
> On the other hand, if there is a genuine issue of fact material to the scope of employment question, the district court should permit discovery and conduct a hearing, if necessary.

Id.; see Garland v. US Airways, Inc., No. 05-140, 2006 WL 2471551, at *1 (W.D. Pa. Aug. 24, 2006) (citing Schrob and stating that the "district court can rule on a pretrial motion to substitute without an evidentiary hearing or discovery" if there is no genuine factual issue presented by way of rebuttal evidence (emphasis added)).

Notwithstanding the foregoing, the Third Circuit caselaw on this point is not entirely clear as to when discovery—limited or otherwise—is warranted following a U.S. Attorney's certification. Some cases, including Schrob, suggest that a plaintiff contesting a certification is entitled to some form of discovery before the alleged employee of the United States is dismissed as a party. Specifically, before implying a plaintiff must produce specific facts to obtain discovery, see Schrob, 967 F.2d at 936 ("On the other hand, if there is a genuine issue of fact material to the scope of employment

- 10 -

question, the district court should permit discovery . . . ."), the Schrob Court recognized that courts weighing substitution motions often engage in "a limited amount of fact finding" which "undoubtedly requires an opportunity for limited discovery." Id. As the dispute in this case demonstrates, this language could be read to imply limited discovery is available as a matter of right when a plaintiff challenges a certification submitted in connection with a motion to substitute. But see Garland, 2006 WL 2471551, at *2 (granting motion to substitute without limited discovery because "Plaintiff has failed to come forward with any evidence or facts sufficient to rebut the U.S. Attorney's scope certification").

Subsequent Third Circuit cases have not cleared the confusion concerning when discovery is appropriate following a U.S. Attorney's certification of employment. For example, in Melo v. Hafer, the Court again laid out a framework for courts to apply when weighing a motion to substitute. 13 F.3d 736, 747-48 (3d Cir. 1994). In doing so, the Court seems to imply, in consecutive paragraphs, both that (1) discovery should be taken whenever the underlying facts of the certification are disputed in the complaint; and (2) discovery should only be taken when the plaintiff rebuts the U.S. Attorney's certification via evidence of specific facts:

> If the Attorney General's certification is based on a
> different understanding of the facts than is reflected in

the complaint, the plaintiff should be permitted reasonable
discovery and should then be called upon to come forward, as
if responding to a motion for summary judgment, with
competent evidence supporting the facts upon which he would
predicate liability . . . .  If the plaintiff fails to
tender such evidence, the statute requires that substitution
be ordered.

If the plaintiff does come forward with competent
evidence that would permit a conclusion contrary to that
found in the certification, the defendant and the
government, after discovery if desired, are entitled to an
evidentiary hearing . . . .

Id. at 747.

B. Application

The dispute in this case ultimately turns on reconciling the seemingly permissive language availing a plaintiff limited discovery that appears in Schrob and Melo with the prima facie standard both cases recognize as governing.  Dr. Kao cites the Schrob test and explains that Plaintiffs' evidence does not suffice to rebut the U.S. Attorney's certification insofar as (1) the fact that Dr. Kao was a University of Pennsylvania physician in 2009 does not speak to his status in 2005; and (2) the fact that some University of Pennsylvania physicians were working at PVMAC in 2005 does not mean Dr. Kao was employed by University of Pennsylvania rather than the United States.  Therefore, according to Dr. Kao, the prima facie showing established by the U.S. Attorney's certification is not rebutted and there is no need for Plaintiffs to proceed further against him.

Plaintiffs, on the other hand, point to the snippets of language in Schrob and Melo that could be read to suggest discovery is required wherever the complaint avers facts that conflict with the U.S. Attorney's certification. Along these lines, Plaintiffs acknowledge the U.S. Attorney's certification is to be given prima facie effect but nevertheless assert they are entitled to limited discovery because they have alleged that Dr. Kao was "acting as the agent, apparent agent, servant and/or employee of one or more of the entities named as defendants," (id. ¶ 19), and there are legitimate questions as to whether Dr. Kao was employed by the United States, the University of Pennsylvania or both.

Although the Third Circuit's discussions in Schrob and Melo are not pristine as to when discovery is appropriate following a U.S. Attorney's certification, it is evident for three reasons that the standard of rebuttal via specific facts set forth in Schrob is controlling in this case. As noted, there is no right to (or need for) discovery under this standard unless the plaintiff contesting the motion to substitute meets the rebuttal burden. Cf. Wuterich v. Murtha, 562 F.3d 375, 382 (D.C. Cir. 2009) ("[T]here is no right to even limited discovery . . . unless and until a plaintiff alleges sufficient facts to rebut the Government's certification."); Borawski v. Henderson, 265 F. Supp. 2d 475, 482 (D.N.J. 2003) ("[T]he district court should

only permit discovery or conduct an evidentiary hearing where there is a 'genuine issue of fact material to the scope of employment question.'" (quoting Schrob, 967 F.2d at 936)).

First, although the Schrob Court did recognize that courts engage in limited fact finding and—in so doing—intimate that an opportunity for limited discovery is required, the context in which the Schrob Court made this statement was merely descriptive of other courts' treatment. See Schrob, 967 F.2d at 936. Indeed, after stating an opportunity for discovery is "undoubtedly" required, the Schrob Court went on to articulate the "need to protect federal employees from burdensome discovery" and lay out a test that was not as generous with respect to discovery as the standard Plaintiffs advance. See id. ("[I]f there is a genuine issue of fact . . . the district court should permit discovery.").

Second, both Schrob and Melo recognize that substitution under the FTCA is predicated on the important policy interest in ensuring that "the decisions and conduct of federal public servants in the course of their work will not be adversely affected by fear of personal liability for money damages and of the burden of defending damage liability claims." Melo, 13 F.3d at 744; see Schrob, 967 F.2d at 936 ("The difficulty lies in balancing the need for a meaningful review of the scope certification with the need to protect federal employees from

burdensome discovery."). Broadening the right to discovery to permit it even where a plaintiff does not rebut the prima facie presumption created by the U.S. Attorney's certification burdens the policies the FTCA seeks to further. Viewed in this light, it seems evident that neither Schrob nor Melo intend to allow plaintiffs to so readily engage in pre-substitution discovery. Cf. Brumfield v. Sanders, 232 F.3d 376, 380 (3d Cir. 2000) (describing the intent of the Westfall Act "to protect federal employees from responding to state law tort claims").

Third, even if Schrob and Melo could be read to more generously permit discovery along the lines suggested by Plaintiffs, they would not do so in this case because the only alleged factual dispute is whether or not Dr. Kao was employed by the United States.[3] While the question of scope could sometimes be a factual one warranting discovery, the inquiry concerning employment is necessarily less complex. See Melo, 13 F.3d at 744 (explaining that the FTCA's purpose of restricting a government employee's ability to substitute the United States as a defendant is to "leave undisturbed the rights of those injured by federal employees who were not acting within the scope of their office or

---

[3] Indeed, there is no dispute as to whether the conduct alleged would have been within the scope of Dr. Kao's employment with the United States. (See, e.g., Pls.' Surreply in Opp'n to Def's Mot. To Dismiss, at 4 ("[T]he scope of employment issue in our case involves the question of defendant Kao's employer: was defendant Kao employed by the United States, or one of the Penn health care entities, or did he have dual employers?").)

employment"). Indeed, the Schrob Court implicitly recognized as much by indicating the availability of discovery or a hearing turns on whether "there is a genuine issue of fact material to the scope of employment question." Schrob, 967 F.2d at 936 (emphasis added); see Roman ex rel. Roman v. Lancaster Gen. Hosp., No. 10-1437, 2010 WL 3155322, at *4-5 (E.D. Pa. July 29, 2010) (separately analyzing the questions of employment and scope of employment, and stating that Schrob "set out a metric for determining when discovery is required to determine if a federal employee's acts or omissions were conducted in the scope of employment" (internal footnote omitted)).

Thus, the Court concludes a plaintiff is not entitled to even limited discovery following a U.S. Attorney's certification unless he or she demonstrates specific facts which rebut the certification. Under this standard, Dr. Kao should be dismissed from this action because the United States is the appropriate defendant against whom Plaintiffs may proceed. Indeed, Plaintiffs' evidentiary materials and ambiguous allegations that Dr. Kao was actually working for another employer do nothing to rebut the U.S. Attorney's certification that Dr. Kao was acting as an employee of the United States within the scope of his employment. This is particularly true in light of the additional declaration Dr. Kao has submitted, indicating that Dr. Kao was employed by the government during the

time period in question and performed the procedures in question in connection with that employment.[4]  Therefore, the Court will grant Dr. Kao's motion to dismiss.

**V.   CONCLUSION**

For the foregoing reasons, Dr. Kao's motion to dismiss will be granted.  An appropriate Order will follow.

---

[4]     At oral argument, Plaintiffs echoed the concern repeatedly referenced in their briefing that Dr. Kao may have been employed by both the United States and another employer. Plaintiffs suggested Dr. Kao's hypothesized dual employment should, almost as a matter of course, allow discovery to be undertaken before dismissing Dr. Kao from the suit.  However, the Court discerns no reason Dr. Kao's possible dual employment is significant in resolving the instant motion.  Under the plain terms of the FTCA, Dr. Kao is shielded from liability to Plaintiffs even if Dr. Kao was also the agent of another principal—provided, of course, he was acting within the scope of his employment with the United States.  See U.S.C. § 2679(b)(1). Given that the only disputed question in this case is whether Dr. Kao was an agent of the United States (and not whether his actions in performing the brachytherapy were within the scope of his federal employment), the possibility that Dr. Kao was also acting within the scope of his employment with another employer does not require or permit a different result.